RECEIVED
IN ALEXANDRIA, LA.

JUN - 4 2014

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCUS A. CARR #22244-076 | DOCKET NO. 1:14-CV-860; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| OFFICER SIERRA, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Marcus A. Carr, filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Plaintiff claims that he was wrongfully convicted of a disciplinary violation. He seeks a reversal of the conviction and monetary damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

On March 19, 2014, Plaintiff was convicted of possessing a hazardous tool - half of a metal shower drain lid - which was hidden in the insole of a tennis shoe in Plaintiff's property. Plaintiff claimed that the shoe belonged to another inmate and that

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

Plaintiff was simply holding the property for the inmate. The hearing officer found that Plaintiff is responsible for his immediate environs, in this case, his personal property and, because Plaintiff was in possession of the property, he is responsible for its contents. Plaintiff was sentenced to disallowance of forty-one days of good conduct time, forfeiture of twenty-seven days non-vested good conduct time, thirty days of segregation, and 90 days loss of phone, Trulincs, and commissary privileges. [Doc. #1, p.10-11]

### *Law and Analysis*

Plaintiff challenges the validity of his disciplinary conviction, and he seeks (1) expungement of the conviction, (2) return to his inmate food services work assignment, and (3) $1.6 million dollars in compensatory damages, $1.2 million dollars in punitive damages, and attorney's fees.

1. Expungement

An expungement of the conviction is not available by way of a civil rights action. A request for either restoration of good-time credits, reversal of a disciplinary board's decision, or expungement of the disciplinary proceeding from a record must be raised by way of petition for writ of habeas corpus, not in a Bivens or civil rights claim. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) and Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

2. Monetary Damages

2

Additionally, as for his request for monetary damages, the United States Supreme Court has stated that a plaintiff **may not recover damages** for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, until such time as his conviction or sentence has been **reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus**. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641 (1997)(extending Heck to prison disciplinary proceedings). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983 or Bivens. Id. Because an award of damages in this case would call into question the validity of his disciplinary conviction, *which has not been reversed or otherwise overturned*, Plaintiff's claim for money damages is not cognizable at this time, per Heck and Balisok. Plaintiff must challenge his conviction through the appropriate administrative process and/or habeas corpus.

3. Job Classification

To the extent that Plaintiff seeks damages for a change in his job assignment or seeks a reinstatement of his job, the claim fails. The liberty interests protected by the Due Process Clause "are generally limited to state created regulations or statutes

3

which affect the quantity of time rather than the quality of time served by a prisoner." Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997)(citing Sandin v. Conner, 515 U.S. 472 (1995)). Thus, a prisoner's job transfer or even a loss of a job does not implicate due process concerns where such action does not affect the duration of the prisoner's sentence. See Jackson v. Cain, 864 F.2d 1235, 1248 n. 3 and 1252 (5th Cir.1989) (holding that a prisoner has no constitutional right to a specific work assignment, and prison officials may transfer prisoners to any job "for almost any reason at all").

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that (1) Plaintiff's claim regarding his prison job be **DENIED AND DISMISSED with prejudice**, (2) Plaintiff's request for reversal of his disciplinary conviction be **DENIED AND DISMISSED without prejudice to raising this claim in a petition for writ of habeas corpus**, and (3) Plaintiff's claim for damages related to his disciplinary conviction be **DENIED AND DISMISSED with prejudice to being asserted again until the Heck conditions are met**[2].

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days

---

[2] See Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1996).

4

from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 3rd day of June, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE